UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILFORD ARMSTEAD, | Case No. C11-563RSM |
| Petitioner, | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |
| v. | |
| STEVEN SINCLAIR, | |
| Respondent. | |

This matter comes before the Court upon Petitioner's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(4). Dkt. # 53. Petitioner seeks to have this Court declare void its judgment of July 13, 2013, adopting the Magistrate Judge's Report and Recommendation and denying habeas relief. Dkt. # 38. The Court denied a previous motion for relief from the same judgment on the grounds that Petitioner's motion failed to establish that the judgment entered is void. Dkt. # 42. The Court has since denied the petition for a Certificate of Appealability. Dkt. # 48. As Petitioner's present motion for relief from judgment fails to assert a defect in the federal habeas proceedings, it must also be denied.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT — 1

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case under a limited set of circumstances," *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005), including where the initial judgment is "void." Fed. R. Civ. P. 60(b)(4). *See U.S. v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). "A judgment is not void merely because it is erroneous." *In re Center Wholesale Inc,* 759 F.2d 1440, 1448 (9th Cir. 1985). Rather, a judgment is void only if a court is powerless to enter the judgment because the court that rendered it lacked jurisdiction to do so or acted in a manner inconsistent with due process. *Id.*; *U.S. v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

Before deciding a Rule 60(b) motion on the merits, the court must first determine whether the motion is actually a disguised successive habeas petition, in which case the court lacks jurisdiction to entertain it. *Id.* at 1062. Rule 60(b) may not be used to circumvent the requirement that a successive habeas petition be pre-certified by the court of appeals as falling within a narrow exception to the strict successive-petition bar of 28 U.S.C. § 2244(b). *Id. See also*, *Lewis v. Washington*, 2009 WL 484454, *1 (E.D. Wash. 2009). Where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," it is not considered a disguised habeas petition and is considered on its merits. *Gonzalez*, 545 U.S. at 532; *U.S. v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011)(explaining that in order to "show a defect in the integrity of a [habeas] proceeding, [petitioner] must point to something in that proceeding that rendered its outcome suspect."). However, where a Rule 60(b) motion expresses an independent claim for relief from a judgment of conviction or merely "attacks the federal court's previous resolution of a claim *on the merits*," it is in substance a successive habeas petition and must be treated accordingly. *Gonzalez*, 545 U.S. at 532 (emphasis in original)*; Washington*, 653 F.3d at 1063. Before a district court may entertain a success § 2254 petition, the applicant must move in

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT — 2

the appropriate court of appeals for an order authorizing its consideration. 28 U.S.C. 2244(b)(3). An application for a successive habeas petition may not present a claim that had been presented in a previous application. 28 U.S.C. 2244(b)(1).

The Court finds that Petitioner's Rule 60(b)(4) motion is in its substance an unauthorized successive 28 U.S.C. § 2254 habeas petition. Petitioner moves for relief on the grounds that the district court's denial of habeas corpus relief constitued a violation of Petitioner's right to due process. Petitioner contends that the Court errered in denying his claim to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner repeats arguments made in both his habeas petition and his first motion for relief from judgment, asserting that his counsel provided defective representation in the state court trial proceedings by placing petitioner at the crime scene and refusing to bring a claim of selective enforcement/racial profiling. Dkt. # 53, p. 5; Dkt. # 3, p. 2 ; Dkt. # 43, p. 5. This Court previously rejected these arguments, finding that the Washington State Court of Appeals decisions denying Petitioner's ineffective assistance of counsel claims were not contrary to, or an unreasonable application of, clearly established law. Dkt. # 30, pp. 17-23. Petitioner's contentions now amount to attacks on the "federal court's previous resolution of a claim *on the merits*," *Gonzalez*, 545 U.S. at 532, challenging the Court's "determination that there [] do not exist grounds entitling [] petitioner to habeas corpus relief." *Id.* at 532, n. 4. Petitioner's contentions brought under Rule 60(b)(4) therefore constitute "claims" that may be raised only via a new § 2254 motion for habeas relief. *See Buenrostro*, 638 F.3d at 723 (finding that petitioner's Rule 60(b) motion asserting claims of ineffective assistance of counsel must be treated as a successive habeas motion). As petitioner has not sought authorization to file a successive § 2254 petition but merely reasserts arguments previously denied, this Court is powerless to entertain his motion.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT — 3

For the reasons stated herein, it is hereby ORDERED that Petitioner's Motion for Relief from Judgment Under Rule 60(b)(4) (Dkt.53), construed as an unauthorized § 2254 petition, is DENIED.

Dated this 13th day of November 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE